UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RODNEY SANCHEZ, *on behalf of himself, FLSA Collective Plaintiff and the Class*,

                                    Plaintiff,

                    -v.-

CLIPPER REALTY, INC., *doing business as Clipper Realty*; CLIPPER REALTY OP L.P., *doing business as Clipper Realty L.P.*; CLIPPER REALTY CONSTRUCTION LLC; CLIPPER 107 CH LLC, *doing business as Clover House*; and CLIPPER EQUITY LLC, *doing business as Clipper Equity*,

                                    Defendants.

---

21 Civ. 8502 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On October 31, 2022, the Court denied Defendants' motion to compel arbitration and/or dismiss the claims against the Moving Defendants.  (Dkt. #55).[1]  *See Sanchez* v. *Clipper Realty, Inc.*, No. 21 Civ. 8502 (KPF), 2022 WL 16578981 (S.D.N.Y. Oct. 31, 2022).  On November 9, 2022, pursuant to statutory authority that permits interlocutory appeals from a denial of arbitration, 9 U.S.C. § 16(a)(1)(B), Defendants filed a notice of appeal from the portion of the Opinion denying their motion to compel arbitration.  (Dkt. #57).  Shortly thereafter, Defendants moved for a stay of all proceedings in this Court pending the resolution of that appeal.  (Dkt. #58).  Plaintiff filed a letter opposing a stay (Dkt. #59), and Defendants filed a reply in further support of

---

[1]     The Court adopts the naming conventions defined in its October 31, 2022 Opinion and Order.  (*See* Dkt. #55).  For ease of reference, the Court refers to the October 31, 2022 Opinion and Order as "Opinion."

their motion (Dkt. #60).  After careful consideration of the arguments before it, the Court grants the motion for a stay.

The grant or denial of a stay pending appeal is "an exercise of judicial discretion."  *Virginia Ry. Co.* v. *United States*, 272 U.S. 658, 672 (1926).  That discretion is guided by four considerations: "[i] whether the stay applicant has made a strong showing that he is likely to succeed on the merits; [ii] whether the applicant will be irreparably injured absent a stay; [iii] whether issuance of the stay will substantially injure the other parties interested in the proceeding; and [iv] where the public interest lies."  *Nken* v. *Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton* v. *Braunskill*, 481 U.S. 770, 776 (1987)).  In weighing these factors, the first and second are the "most critical."  *Id.* at 343.

The first factor — likelihood of success — is satisfied if there are "serious questions" about the merits of the dispute and the balance of hardships tips "decidedly" in favor of the movant.  *Citigroup Glob. Markets, Inc.* v. *VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35-38 (2d Cir. 2010).  This standard recognizes that courts will rarely find that their own opinion is likely to be overturned.  *Zachman* v. *Hudson Valley Fed. Credit Union*, No. 20 Civ. 1579 (VB), 2021 WL 1873235, at *1 (S.D.N.Y. May 10, 2021); *see also Meyer* v. *Kalanick*, 203 F. Supp. 3d 393, 395 (S.D.N.Y. 2016) ("Admittedly, a district court that issued an order that is being challenged on appeal may be predisposed to be unimpressed by the challenges to that ruling.").

On this point, Defendants have not shown that their appeal is likely to succeed on the merits.  That said, they argue that "whether the CBA

addendum's mandatory arbitration provision retroactively binds Plaintiff, a former employee," is a seriously disputed question.  (Dkt. #58 at 2).  They note that "courts in this District have occasionally concluded that former employees can be bound by post-employment CBAs," and maintain that the 2022 Addendum's delegation of questions of arbitrability to the arbitrator distinguishes this case from a recent Second Circuit opinion declining to bind a former employee to an arbitration provision enacted after the end of her employment.  *See Agaranova* v. *Stella Orton Home Care Agency, Inc.*, 794 F. App'x 138, 140 (2d Cir. 2020) (summary order).  The Court remains convinced that this case falls squarely within *Agaranova* for the reasons detailed at length in the Opinion.  (Opinion 17-23).  But because *Agaranova* is a summary order and the New York Court of Appeals has never definitively spoken to this issue of state law, Defendants' arguments are not frivolous.

Defendants' comparatively weak showing on the merits factor is counterbalanced by a strong showing that they will be harmed irreparably if this action proceeds in federal court.  *See Mohammed* v. *Reno*, 309 F.3d 95, 101 (2d Cir. 2002) ("The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the movant] will suffer absent the stay.").  In authorizing interlocutory appeals from denials of arbitration, Congress implicitly determined that "a wrongful denial of the right to have the case sent promptly to arbitration is a harm that cannot be adequately remedied by an appeal at the end of the case."  *Meyer*, 203 F. Supp. at 396.  If Defendants are forced to proceed with this federal court action but

3

the Second Circuit later decides that they are entitled to an arbitral forum, they will forever be deprived of their right to enjoy the procedures and rules that they bargained for. *See Sutherland* v. *Ernst & Young LLP*, 856 F. Supp. 2d 638, 643 (S.D.N.Y. 2012); *Starke* v. *SquareTrade, Inc.*, No. 16 Civ. 7036 (NGG) (SJB), 2017 WL 11504834, at *2 (E.D.N.Y. Dec. 15, 2017). Although Plaintiff may be correct that the parties will have to exchange discovery regardless of the outcome of the appeal (*see* Dkt. #59 at 1-2), the scope, extent, and timing of that discovery will vary based on the forum's rules. *See In re Application of Technostroyexport*, 853 F. Supp. 695, 697-98 (S.D.N.Y. 1994) (explaining that arbitration rules and court rules governing discovery may vary). This factor weighs heavily in favor of a stay.[2]

Next, Plaintiff will not be substantially injured absent a stay. The Court acknowledges that a stay would harm Plaintiff's interest in prompt resolution of this matter. *Meyer*, 203 F. Supp. 3d at 398. But that blow will be softened by an award of pre-judgment interest for back wages under the New York Labor Law (the "NYLL") if Plaintiff ultimately prevails. *See Gamero* v. *Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 515 (S.D.N.Y. 2017) (awarding prejudgment interest). And given the recency of the conduct at issue in this suit, Plaintiff's concern about discoverable evidence becoming less reliable with the passage of time (Dkt. #59 at 2), is not substantial. Additionally, Defendants consent to

---

[2]     The Court is not persuaded by Defendant's alternate argument, namely, that they will be harmed by the costs of continuing to defend this action in federal court. (*See* Dkt. #58 at 2). "[L]itigation costs do not rise to the level of irreparable injury." *Daniels* v. *City of New York*, 138 F. Supp. 2d 562, 564 (S.D.N.Y. 2001).

tolling the statute of limitations during the pendency of the interlocutory appeal, so the appeal will not prejudice Plaintiff's ability to add additional claims following discovery.

Finally, public policy considerations favor a stay as well. Considerations of judicial economy counsel against investing court resources in proceedings that may prove to be unnecessary. *Sutherland*, 856 F. Supp. 2d at 644. Because resolution of the arbitration issue could be dispositive of this federal action, there is a risk that further proceedings will be "unproductive and incompatible with judicial economy." *Payne* v. *Jumeirah Hosp. & Leisure (USA) Inc.,* 808 F. Supp. 2d 604, 604 (S.D.N.Y. 2011). Plaintiff's suggestion of a countervailing public interest in the speedy resolution of this matter is not persuasive. (Dkt. #59 at 2). Plaintiff does not offer any authority establishing this interest and has not given the Court any reason to believe that an arbitration would not proceed efficiently in this case.

On balance, the Court finds that a stay is warranted. Although Defendants have not established a strong likelihood of success on the merits, they have identified a non-frivolous ground for appeal, and resolution of the identified issue will likely benefit litigants and courts in future cases. Moreover, Defendants have made strong showings on each of the three remaining factors. Accordingly, the Court GRANTS Defendants' motion for a stay. The stay will continue pending further order of this Court, which order will be issued after the Second Circuit issues its decision in the pending interlocutory appeal. Additionally, the statute of limitations for claims of

Plaintiff and the putative collective and class arising from the conduct challenged in this action is TOLLED for the same period.

The parties are hereby ORDERED to submit a joint letter proposing next steps in this action within two weeks of the Second Circuit's issuance of a decision in this matter.  The Clerk of Court is directed to terminate the motion at docket entry 58.

SO ORDERED.

Dated:   November 21, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge