**KAUFMAN DOLOWICH**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Taimur Alamgir**
talamgir@kaufmandolowich.com

January 26, 2024

**VIA ECF**
Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
40 Foley Square
New York, NY 10007



Re:   *Sanchez v. Clipper Realty, Inc., et al.*
      S.D.N.Y. Case No. 21-CV-8502 (KPF)

Your Honor:

This firm represents Defendants in the above-captioned matter. We write in response to Plaintiff's letter dated January 23, 2024. ECF No. 72.

In his letter, Plaintiff falsely claims that Defendants "*refused to provide dates*" for depositions and urges the Court to compel Defendants to provide dates. However, Plaintiff's letter was prematurely filed prior to the completion of the meet-and-confer process.

The reality is – as we have repeatedly informed Plaintiff's counsel – that we have been conferring with our clients in an effort to schedule the depositions that Plaintiff has requested. This is complex and time-consuming because Plaintiff seeks a total of **8 depositions** – including 5 depositions of corporate representative witnesses, one for each of the 5 corporate entities named in this lawsuit, and 3 non-party depositions (of note, certain of the proposed non-party deponents are no longer affiliated with any of the Defendants).

We are in the process of identifying suitable corporate representatives under Rule 30(b)(6) and determining the availability of the non-parties identified (to the extent any of Defendants possess the ability to make these non-party individuals available for deposition). However, we expect we will be able to provide Plaintiff with availability for depositions during April/May 2024.

Scheduling depositions in April or May would be particularly appropriate because Plaintiffs have separately asked for 30 days (until late February 2024) to amend the Complaint. Defendants respectfully submit that conducting depositions prior to Plaintiff's own contemplated amended pleading being finalized would be premature. *Inter alia*, Plaintiff may assert additional claims in the forthcoming amended pleading which may be subject to motion practice and for which questions may need to be asked at a deposition.

Depositions are also premature before April/May because Defendants are likely to object to certain aspects of Plaintiff's overreaching and overbroad written discovery requests (responses are due on February 12, 2024 by agreement of the parties). Defendants' objections to Plaintiff's written discovery request should be resolved prior to depositions to avoid potential duplication of efforts. Similarly, Defendants will be serving discovery requests prior to next week's deadline to

do so. As such, Plaintiff should be required to respond to the forthcoming discovery requests before depositions are held.

Defendants respectfully request that Plaintiff be directed to resume the meet-and-confer process, and further propose that the Court set a status report deadline to update the Court regarding scheduling of depositions that is one week following the extended deadline to amend the pleadings. Alternatively, we respectfully request a conference to discuss the issues raised herein.

We thank Your Honor for considering this matter.

Respectfully submitted,
**KAUFMAN DOLOWICH LLP**

Taimur Alamgir

cc: Plaintiff's counsel via ECF

```
The Court is in receipt of Plaintiff's letter motion for a Local
Rule 37.2 conference (Dkt. #72) and Defendants' above response
(Dkt. #74).

The Court is in agreement with Defendants, particularly in light
of its decision to grant Plaintiff leave to file a Second
Amended Complaint (Dkt. #73), that depositions may be premature
at this time.  Accordingly, Plaintiff's request is hereby DENIED
without prejudice to renew and Plaintiff is hereby ORDERED to
resume the meet-and-confer process with Defendants.

The parties are hereby ORDERED to submit a joint status report
regarding the scheduling of depositions in this matter on or
before February 26, 2024.

The Clerk of Court is directed to terminate the pending motion
at docket entry 72.


Dated:    January 29, 2024           SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE