

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Matthew Cohen, Esq.**
mcohen@kaufmandolowich.com

**Edward Grimmett, Esq.**
egrimmett@kaufmandolowich.com

April 5, 2024

**VIA ECF**
Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York



      Re:   *Sanchez v. Clipper Realty, Inc. et al.*
            **Case No.: 21-cv-08502 (KPF)**

Dear Judge Failla:

      This firm represents Defendants in the above-captioned matter. We write pursuant to Rule 3(C) of Your Honor's Individual Rules of Practice in Civil Cases to respond to Plaintiff's letter dated April 2, 2024. *See* ECF Docket No. 99.

      In the April 2, 2024 letter, Plaintiff's counsel requests a Pre-Motion Conference to address the parties' unresolved discovery disputes. Based on the foregoing reasons, a Pre-Motion Conference is not necessary as Plaintiff is not entitled to a majority of the documents set forth in his letter motion. Moreover, it is anticipated that any remaining discovery issues can be resolved over the next week.

    A.  CLASS DOCUMENTS

      Contrary to Plaintiff's contention, he is not entitled to any discovery related to the putative class members. First, in an effort to improperly gain access to these records, Plaintiff misrepresents that Defendants' discovery responses include observable violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). First, Plaintiff incredulously contends that his time records were doctored, because they demonstrate that he worked for exactly eight (8) hours each day. Plaintiff cannot make this assertion based on pure conjecture, as it is fairly common for employees to punch out of work at the exact time they complete their shift.

      Second, Plaintiff alleges that he is entitled to class discovery because he was paid on a bi-weekly basis in violation of NYLL § 191. In order for there to be any merit to this claim, Plaintiff must demonstrate that he was a "manual worker" as the term is defined in NYLL § 190(4). Plaintiff has not produced sufficient evidence to demonstrate that he is a "manual worker," making Defendants' payments untimely. Moreover, it is Defendants' position that the law does not recognize a private cause of action to pursue liquidated damages for violations of NYLL § 191. *See Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (2d Dept 2024); *see also Urena v.*

*Sonder USA Inc.*, 2024 (S.D.N.Y. 2024) (staying its ruling on a motion to dismiss "pending potential New York Court of Appeals' review of the decision in *Grant* . . . .").

Lastly, Plaintiff is incorrect that discovery related to the putative class is warranted, regardless of the Court's determination on the motion for conditional certification of a collective. It is important to note that purported members of the putative class are subject to different collective bargaining agreements. Among Plaintiff's putative class are individuals who are subject to collective bargaining agreements that contain arbitration clauses that would prohibit them from being class members in this action. Thus, Plaintiff cannot prod into the potential merits of their claims.

Assuming *arguendo* that Plaintiff is entitled to class discovery related to the merits of the claims brought by the purported class, a 20% sampling of such records would be overly voluminous. While Defendants maintain that Plaintiff is not entitled to class discovery at this time, to the extent Your Honor orders that class discovery be produced at this time, Defendants respectfully submit that a 5% sampling of paystubs and timesheets for putative class members who are not subject to arbitration would be more reasonable.

### B. CLASS CONTACT

Plaintiff is not entitled to the contact information for any witness to the allegations in the Complaint. This is undoubtedly a fishing expedition so that Plaintiff can contact essentially every person that has observed Plaintiff working. Even if this request was limited to the purported putative class members, it would still be improper. *See Hernandez v. NHR Human Resources, LLC*, 2021 WL 2535534, at *19 (S.D.N.Y. 2021) (holding that plaintiff was "not entitled to the production of contact information for all putative Rule 23 class members at this time because he has not made any 'showing that communication with individual members of the putative class is necessary to support [his] assertions under Rule 23.'" (citation omitted)); *see also Jenkins v. TJX Companies, Inc.*, 2011 WL 1563677 (E.D.N.Y. 2011) (holding that plaintiff's pre-certification discovery of putative class members' contact information was premature).

### C. E-DISCOVERY

Provided that Plaintiff's counsel has availability over the next week, Defendants are amenable to having an additional meet and confer to discuss potential search terms for e-discovery.

### D. FURTHER DISCOVERY REQUESTS

The additional items listed by Plaintiff in this section could all be addressed over the next week. First, Defendants are in the process of getting their Interrogatory responses verified. As such, Defendants anticipate that it will be able to produce the Verification to Plaintiff's counsel in the coming week.

Following the Parties' March 20, 2024 meet and confer, Defendants continued its search for any documents related to training materials or wage complaints made by employees. Defendants are not aware of any wage and hour complaints that its employees submitted to their union within the past 6 years. Additionally, with regards Plaintiff's request for the production of

Hon. Katherine Polk Failla
April 5, 2024
Page **3** of **3**

training materials, Defendants have already produced an Employee Handbook which is intended to train employees on their policies. Accordingly, Plaintiff's request for such documents is moot.

      Lastly, as is the case with the e-discovery issues, Defendants are amenable to having another meet and confer next week to determine potential deposition dates for the individuals identified in Plaintiff's letter.

      Based on the foregoing, Defendants respectfully request that Plaintiff's request for a Pre-Motion Conference be denied.

      We thank the Court for its attention to this matter.

                                Respectfully submitted,
                                Kaufman Dolowich LLP

                                Matthew Cohen
                                Edward H. Grimmett

```
     The Court is in receipt of Plaintiff's letter motion for a
Local Rule 37.2 Conference (Dkt. #99) and Defendants' above
response (Dkt. #101).  The Court finds that the parties'
disputes are amenable to resolution without such a conference,
and hereby DENIES Plaintiff's request.  The Court further ORDERS
Defendants to produce discovery to the extent provided in the
remainder of this endorsement.
```

1. **Plaintiff's request for class discovery**

    Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A matter is "relevant" if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc.* v. *Sanders*, 437 U.S. 340, 351 (1978). In the context of class actions, "[p]re-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate" under Rule 23. *Rahman* v. *Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198 (LAK) (JCF), 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007).

    Here, the Court is persuaded that Plaintiff is entitled to obtain discovery as to the wage and time records of the putative class members, which information is relevant to the questions of "commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23." *Benavides* v. *Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. 2016). Accordingly, Defendants are hereby ORDERED to produce class discovery. The parties are further ORDERED to meet and confer regarding the scope of such discovery; Defendants shall produce a sampling of paystubs and timesheets for no more than 15 percent but no less than 10 percent of the putative class members.

2. **Plaintiff's request for contact information**

    "It is well-established that in wage and hour cases, pre-class certification discovery of putative class member contact information is permissible to assist in demonstrating that representative plaintiffs can satisfy Rule 23 criteria." *Gordon* v. *Kaleida Health*, No. 08 Civ. 378S (WMS) (LGF), 2012 WL 432885, at *2-3 (W.D.N.Y. Feb. 9, 2012); *see Whitehorn* v. *Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148 (LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010) ("[T]he weight of authority in this district counsels in favor of allowing [pre-collective-certification] disclosures [of contact information] in FLSA cases.").

    According to Plaintiff, this case is one where substantial "employee testimony as to [both] [the] job duties for a manual

worker ... and [alleged] off the clock work" is necessary. (Dkt. #99 at 2-3). The Court credits these assertions, and finds that such contact information is relevant to "Plaintiff['s] ability to demonstrate commonality, predominance[,] and typicality." *Gordon*, 2012 WL 432885, at *4. Accordingly, Defendants are hereby ORDERED to produce, to the extent available, the names, mobile numbers, emails, and last known addresses of the putative class members.

The Court declines to extend this order to "all witnesses to the allegations in the complaint," but invites Plaintiff to explain to the Court why such contact information is necessary (if he still believes it is) over-and-above that of just the putative class members in order for him to demonstrate satisfaction of the Rule 23 criteria.

**3.   Exclusion of employees covered by arbitration clauses**

The Court has reviewed no collective bargaining agreements (except the one pertaining to Plaintiff himself, *see* Dkt. #55) and has made no determination as to the applicability of any arbitration clauses that may be found therein to Plaintiff's claims. For this reason, the Court has no basis to preemptively exclude employees covered by such agreements from putative class discovery. Accordingly, the Court hereby ORDERS Defendants to produce discovery as to members of the putative class "who are subject to collective bargaining agreements that contain arbitration clauses that would prohibit them from being class members in this action."

**4.   Remaining Requests**

The Court credits Defendants' assertion that the remaining discovery issues remain amenable to resolution through the standard meet-and-confer process, and hereby ORDERS Plaintiff to continue to meet and confer with Defendants regarding such issues.

The Clerk of Court is directed to terminate the pending motion at docket entry 99.

                                        SO ORDERED.

Dated:    April 9, 2024
          New York, New York

                                        *Katherine Polk Failla* (signature)

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE