**KAUFMAN | DOLOWICH**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

**Matthew Cohen, Esq.**
mcohen@kaufmandolowich.com

**Edward Grimmett, Esq.**
egrimmett@kaufmandolowich.com

April 17, 2024

**VIA ECF**
Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York



Re:   *Sanchez v. Clipper Realty, Inc. et al.*
      **Case No.: 21-cv-08502 (KPF)**

Dear Judge Failla:

This firm represents Defendants in the above-captioned matter. We write pursuant to Rule 3(C) of Your Honor's Individual Rules of Practice in Civil Cases to respond to Plaintiff's letter dated April 12, 2024. *See* ECF Docket No. 104.

In the April 12, 2024 letter, Plaintiff concedes that the Court's April 9, 2024 Order limited the Defendants' production to "a sampling of *paystubs and timesheets* for no more than 15 percent but no less than 10 percent of putative class members." *See* ECF Docket No. 102. Plaintiff now improperly attempts to expand the scope of discovery by seeking the production of the wage notices provided to putative class members. Tellingly, this request was not made by Plaintiff in his April 2, 2024 pre-motion conference letter (*See* ECF Docket No. 99), and as such, Defendants respectfully request that the Court disregard Plaintiff's belated attempt to move the goalposts following the Court's April 9, 2024 Order.

Furthermore, Plaintiff alleges that the requested production will help demonstrate that his claims under New York Labor Law § 195(1) may be brought on a class basis. However, contrary to Plaintiff's contention, he will not be able to advance this claim on a class basis because it is subject to dismissal for lack of Article III standing.[1] Plaintiff's First Amended Class and Collective Action complaint alleges mere technical statutory violations in support of his wage notice and wage statement claims, but provides no evidence that not receiving a wage notice or wage statement caused him the concrete harm required to plead an injury-in-fact. *See, e.g.*, *Geraldes v. Spanish Dance Arts Company, Inc., et. al.*, 23-cv-03925 (AS)(RFT), Docket No. 25 and 35. (Judge Subramanian of this Court dismissed wage notice and wage statement claims in response to arguments that plaintiff lacked Article III standing to assert such claims); *Quieju v. La Jugeria Inc.*, 2023 WL 3073518 (E.D.N.Y. April 25, 2023) (dismissing wage notice and wage statement claims for lack of standing); *Chen v. Lilis 200 West 57th Corp.*, 2023 WL 2388728, 7 (S.D.N.Y. March 7,

---

[1]   Defendants are entitled to move to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) at any juncture.

Hon. Katherine Polk Failla
April 17, 2024
Page **2** of **2**

2023) ("courts in this Circuit have held that plaintiffs lack standing to bring wage notice and statement claims under the NYLL absent any concrete, downstream consequences of the recordkeeping violation. Vague allegations that Defendants' violations facilitated their other unlawful conduct do not give rise to a cognizable downstream consequence."); *Francisco v. NY Tex Care, Inc.*, 2022 WL 900603 at *7 (E.D.N.Y. Mar. 28, 2022) (even if wage notice and wage statement provisions were violated, "neither Plaintiff nor the record demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action… [that would] constitute an injury that can be recognized by the federal courts.").

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's request for the production of a sampling of wage notices that were issued to the putative class.

We thank the Court for its attention to this matter.

> Respectfully submitted,
> Kaufman Dolowich LLP
>
> */s/ Matthew Cohen /s/ Edward H. Grimmett*
>
> Matthew Cohen
> Edward H. Grimmett

```
The Court is in receipt of Plaintiff's letter request that class
members' wage notices be included in the sampling of putative
class members' wage records (Dkt. #104) and Defendants' above
response (Dkt. #105).

The Court finds that the wage notices constitute "discovery
regarding any nonprivileged matter that is relevant to any party's
claim or defense," Fed. R. Civ. P. 26(b)(1), and hereby ORDERS
Defendants to produce them.  The Court believes that any
assessment of Plaintiff's standing vel non to bring a New York
Labor Law § 195(1) claim is premature.

The Clerk of Court is directed to terminate the pending motion at
docket entry 104.

Dated:    April 18, 2024         SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE