# Lee Litigation Group, PLLC

148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:        (212) 465-1188
                        cklee@leelitigation.com

August 21, 2024

**Via ECF**
The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re:   *Sanchez v. Clipper Realty, Inc. et al.,*
      Case No.: 21-cv-08502 (KPF)

Dear Judge Failla:

We are counsel to Plaintiff in the above-referenced case. We write, jointly with Defendants, pursuant to Rule II(B) of Your Honor's Individual Practices in Civil Cases, to request a pre-motion conference regarding the parties' discovery disputes.

On July 29, 2024, and again on August 19, 2024, the parties met and conferred in an attempt to resolve and/or narrow disputes regarding the production of (i) class discovery and (ii) e-discovery.

## Plaintiff's Position

*With regard to class discovery*, there appears to be a dispute as to the scope of class discovery Ordered by the Court.

On July 25, 2024, the Court Ordered "Defendants to produce discovery pertaining to the full list of buildings operated by Defendants." ECF 120. This Court Order was meant to clarify the Court Order from April 9, 2024, which instructed that "Defendants shall produce a sampling of paystubs and timesheets for no more than 15 percent but no less than 10 percent of the putative class members." ECF 102. As the Court will recall, the new Order was necessary as Defendants limited their sampling to those putative class members under the nominal direct employment of the named corporate Defendants, which resulted in a sampling of 4 potential class members.

After receiving the Court's clarifying Order, the parties met and conferred on July 29, 2024. During this meet and confer (despite no limitation existing in the Court's most recent Order), Defendants stated that they **may** limit discovery production to those positions for which the Court granted conditional collective (i.e., porters, handymen, concierges, and repairmen). This would leave potential construction workers and even security guards out of the discovery production in this matter. Bi-weekly payment to either position would be a violation of NYLL. During the July 29, 2024, call between the parties, Defendants stated they were unsure what positions worked at the buildings, so there might not be a dispute. After giving Defendants time to determine the make-up of their personnel, the parties held another call on August 19, 2024. During this August call Defendants stated they were still unable to determine the job titles of those employed at Defendants' buildings and, if other job titles were employed, to what extent.

As discovery in this matter ends on October 30, 2024, Plaintiff seeks a Court Order compelling production of a class list from which the parties will randomly select a 12.5% sampling, by August 30, 2024.

*With regard to e-discovery*, there is a dispute as to what search terms should be part of Defendants' discovery production. Below are the results of an e-discovery hit-report conducted after the parties' narrowing of the terms and custodians searched:

| **Search Term** | **Custodians With Hits** | **Total Hits** |
|---|---|---|
| Able bodied | 1 | 368 |
| Fair Labor Standards Act | 3 | 526 |
| FLSA | 2 | 171 |
| Lift | 3 | 2229 |
| Lunch /20 Break | 1 | 368 |
| Meal /20 Break | 1 | 368 |
| New York Labor Law | 3 | 543 |
| Not Paid | 3 | 1437 |
| NYLL | 3 | 57 |
| Overtime | 3 | 3485 |
| Post /20 Week | 1 | 368 |
| Pre /20 Week | 1 | 368 |
| Premium | 3 | 3661 |
| Rodney | 3 | 622 |
| Sanchez | 3 | 1009 |
| Training | 3 | 3874 |
| Unpaid | 3 | 2624 |

During the parties' August 19, 2024, meet and confer, Defendants proposed producing documents from all the above hits, except the highlighted terms. With respect to the highlighted terms under dispute, Plaintiff proposed production of only the terms "**overtime**" and "**training**." The term "training" is relevant as there is an unpaid training time claim in this action. The term "overtime" is relevant as Plaintiff's timesheets show an impossibly consistent repetition of his hours, which resulted in timesheets showing Plaintiff working exactly 40-hour workweeks to the minute. The term "overtime" is particularly relevant to a determination of management's knowledge of this action's alleged timeshaving.

Plaintiff requests that this e-discovery production be produced by August 30, 2024. Defendants have agreed they would produce by that date but need the Court to clarify the dispute over the highlighted terms.

### DEFENDANTS' POSITION

*With regard to class discovery*, Plaintiff has taken the position that the Court's July 25, 2024 Order required Defendants to disclose records pertaining to *all* non-exempt employees across all of the buildings operated by Defendants. It is Defendants' understanding of Your Honor's Order, however, that Defendants are only required to produce class discovery for porters, handymen, concierge, and repairmen (the same job titles as in the Collective) for all buildings. Thus, it is

2

Defendants belief that Plaintiff is attempting to improperly broaden the scope of the Court's July 25, 2024 Order. This being said, however, Plaintiff's request for a pre-motion conference regarding this issue is premature.

It is possible that there will not be a dispute with respect to this class list because Defendants buildings may only employ porters, handymen, concierge, and repairmen. However, to the extent these buildings do employ other non-exempt employees such as accounting assistants or leasing associates, such additional employees should not be included in the class list because there is no possible way that they could be similarly situated to Plaintiff.

Defendants' counsel advised Plaintiff's counsel that Defendants are in the process of identifying all non-exempt employees across Defendants' buildings but that additional time is needed to obtain this information. Specifically, during the parties' August 19, 2024 meet and confer, we notified Plaintiff's counsel that Defendants are compiling a list of non-exempt employees, but because the individual that would typically assist with this request is on maternity leave, it would likely take another 1-2 weeks for Defendants to complete it. Once we receive the list of all non-exempt employees, we will see if there are any other non-exempt positions at the buildings. Even if there are, however, it is Defendants' understanding that only porters, handymen, concierge, and repairmen employed at any of the buildings from the putative class period need to be included. We intend to produce such a list of porters, handmen, concierge, and repairmen to Plaintiff's counsel upon receipt.

*With regard to e-discovery*, Defendants have agreed to produce documents in connection with 7,392 of the hits contained on the e-discovery hit report. While Defendants have compromised and agreed to produce a voluminous number of documents in connection with e-discovery, the additional two terms that Plaintiff would like to include in the production (i.e. "overtime" and "training") amount to another 7,359 hits. The number of hits these two terms produced demonstrates that the additional documents sought by Plaintiff are overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants have agreed to produce documents in connection with the term "unpaid" (2,624 hits), which is the most relevant to Plaintiff's claims of unpaid overtime and training. If Defendants were required to produce every document with the term "overtime," the Parties would likely have to comb through thousands of emails related to daily requests to work overtime. In that same vein, the term "training" is not relevant to Plaintiff's claim that he was not paid for the time spent training at the commencement of his employment, as the term could relate to any training that Defendants routinely conduct throughout the year (i.e. sexual harassment training). In addition, to the extent there are any e-mails regarding alleged unpaid training, they would already be produced in response to the search term "unpaid." As such, Defendants respectfully request that the Court deny Plaintiff's request for additional e-discovery.

\* \* \* \* \* \* \*

We thank the Court for its time and attention to the above matter.

Respectfully submitted,

*/s/ CK Lee.*
C.K Lee, Esq.

The Court is in receipt of the joint letter motion requesting a pre-motion conference to address the parties' unresolved discovery disputes (Dkt. #129).

The Court finds that the parties' disputes are amenable to resolution without a conference, and hereby DENIES the request for a conference. The Court further:

- ORDERS Defendants to produce a class list from which the parties will randomly select a 12.5% sampling on or before **September 6, 2024.** Class discovery shall be limited to porters, handymen, concierges, and repairmen at all 22 buildings operated by Defendants.

- ORDERS Defendants to produce e-discovery that includes documents from the terms "overtime" and "training."

The Clerk of Court is directed to terminate the pending motion at docket entry 129.

Dated:      August 28, 2024           SO ORDERED.
            New York, New York

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE