# Lee Litigation Group, PLLC

148 W. 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

WRITER'S DIRECT:    212-465-1188
                    cklee@leelitigation.com

October 15, 2024

**Via ECF**

The Honorable Judge Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

      Re:   *Sanchez v. Clipper Realty, Inc. et al,*
            Case No.: 21-cv-08502 (KPF)

Dear Judge Failla:

      We are counsel to Plaintiff in the above referenced matter. We write to the Court in response to Defendants' discovery dispute letter seeking discovery responses to their untimely served requests.

      On December 19, 2023, the Court entered the parties' agreed upon discovery schedule. The schedule set deadlines for the service of initial requests for production of documents and requests for interrogatory responses. January 31, 2024, was the deadline for Defendants to serve Plaintiff document and interrogatory requests pursuant to the entered Scheduling Order [ECF 70]. Instead, Defendants served Plaintiff discovery requests on July 10, 2024, five months and ten days after the deadline.

      Here, no good cause for the delay may be asserted. Further, "[i]t is the movant's burden to establish good cause." *Kontarines v. Mortgage Electronic Registration Systems, Inc.*, 2016 U.S. Dist. LEXIS 90283, at *3 (E.D.N.Y. July 12, 2016) (citations omitted). "Good cause requires that the delay stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake or comply with the Scheduling Order." *Jipeng Du v. Wan Sang Chow*, 2019 U.S. Dist. LEXIS 134615, at *3 (E.D.N.Y. Aug. 9, 2019) (citations omitted) (internal quotation and citations omitted). "To satisfy the good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have reasonably been met." *Leonard v. Abbott Laboratories, Inc.*, 2012 U.S. Dist. LEXIS 30608, 2012 WL 764199, at *3 (E.D.N.Y. Mar. 5, 2012) (internal quotations and citations omitted).

      As the Defendants' discovery requests were served almost six months after the deadline, without cause, such requests are invalid and do not merit a response.

                      \*    \*    \*    \*    \*    \*    \*    \*

      We thank Your Honor for its consideration of the above.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

The Court is in receipt of the Plaintiff's letter requesting a further extension for Defendants to produce outstanding discovery and of the fact discovery deadline (Dkt. #131), Defendants' letter requesting a pre-motion conference to address Plaintiff's refusal to serve responses to Defendants' discovery demands (Dkt. #132), and each party's letter response (Dkt. #133, 134).

The Court hereby GRANTS the request for an extension of the deadline for Defendants to produce outstanding discovery. Defendants shall produce outstanding discovery on or before **November 7, 2024.**

Further, in light of this extension, Plaintiff is hereby ORDERED to serve responses to Defendants' First Set of Requests for Production of Documents and First Set of Interrogatories on or before **November 7, 2024.**

The fact discovery deadline is hereby ADJOURNED to **December 15, 2024.**

The parties are advised that these deadlines are final. The Court will not grant an additional request to extend the discovery deadlines in this matter absent particularly compelling circumstances.

The Court hereby DENIES Defendants' request for a pre-motion conference, having resolved Defendants' request in this endorsement.

The Clerk of Court is directed to terminate the pending motions at docket entries 131 and 132.

Dated:   October 18, 2024
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE