# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:  (212) 465-1188
cklee@leelitigation.com

**Via ECF**

December 11, 2024

The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re: *Sanchez v. Clipper Realty, Inc. et al.,*
Case No.: 21-cv-08502 (KPF)

Dear Judge Failla:

We are counsel to Plaintiff in the above-referenced case. We write in further support of Plaintiff's December 4, 2024, letter motion for discovery. Plaintiff writes in response to two issues raised in Defendants' December 9, 2024, opposition letter.

**First**, Defendants' opposition states that Plaintiff should not be entitled to a second 30(b)(6) deposition as Plaintiff had opportunity to question Defendants about their corporate structure. This statement ignores the whole basis for Plaintiff's request. During the deposition of Defendants' 30(b)(6) witness, Isabella Benjamin, *Plaintiff did question the witness regarding each buildings corporate ownership.* **See Exhibit A** (Benjamin Dep. Transcript) at p. 6-9. Despite this questioning, Plaintiff discovered additional corporate entities listed as employers on putative class members' paystubs. Below is a list of corporate entities found in class members' records (the highlighted names are the newly discovered, undisclosed entities):

- 50 Murray Street
- 70 Battery Park
- 250 Livingston Street
- Rapid Remodeling LLC
- Garden Property Service
- 123 On The Park
- Renaissance Equity
- Zaka
- 10w65
- 141 Livingston Street
- Brookdale Gardens Ass.
- Eilat Management Corp
- Shelbourne Towers
- Brewster
- Rachel Bridge Corp

Plaintiff seeks the additional deposition to obtain testimony regarding the undisclosed entities' (highlighted above) relationship to Defendants' corporate operations.

Plaintiff further notes that Plaintiff's original deposition of Ms. Benjamin lasted exactly 2 hours and 3 minutes (including all breaks). Plaintiff is willing to depose Ms. Benjamin remotely and the additional questioning regarding these entities is unlikely to require greater time than Plaintiff's initial deposition of the witness.

Moreover, Plaintiff's request is less burdensome than the potential alternative: Plaintiff seeking depositions of corporate witnesses from each of the above highlighted entities.

**Second**, in light of Defendants' opposition, Plaintiff writes to clarify that Plaintiff seeks disclosure of both a corporate chart and a corresponding list of buildings associated with each identified entity in that corporate chart.

We thank the Court for Its time and attention to the above matter.

Respectfully submitted,

*/s/ C.K. Lee.*
C.K Lee, Esq.

The Court has reviewed the parties' letters regarding continued discovery disputes. (Dkt. #136, 137, 138). In light of the fact that the parties have come to an agreement on most of the outstanding fact discovery issues, the Court GRANTS the extension of the fact discovery deadline to on or before **January 15, 2025**. The Court does not look favorably on the continued delays in the discovery schedule, and will not grant a further extension absent exigent circumstances.

The Court GRANTS Plaintiff's request for a second 30(b)(6) deposition for the limited purpose of asking additional questions regarding the newly discovered corporate entities, to be completed by the new and final fact discovery deadline.

The Court ORDERS Defendants to provide a list that identifies the corporate entity associated with each of the buildings subject to class discovery, and to the extent that one exists, to provide a corporate chart to Plaintiff. The Court will not order Defendants to create a corporate chart solely for the purpose of discovery.

Having resolved the issues raised by the parties, the Court DENIES Plaintiff's request for a conference.

Plaintiff remains ORDERED to file a letter with the Court no later than 7 days after the close of fact discovery proposing a briefing schedule for Plaintiff's anticipated motion for class certification, requesting that the Court schedule a pre-trial conference, or otherwise.

The Clerk of Court is directed to terminate the pending motion at docket entry 136.

Dated:     December 13, 2024         SO ORDERED.
           New York, New York

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE