UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RODNEY SANCHEZ, *on behalf of himself, FLSA Collective Plaintiff and the Class*,

Plaintiff,

-v.-

CLIPPER REALTY, INC., *d/b/a CLIPPER REALTY*, CLIPPER REALTY CONSTRUCTION LLC, CLIPPER 107 CH LLC, *d/b/a CLOVER HOUSE*, and CLIPPER EQUITY LLC, *d/b/a CLIPPER EQUITY*,

Defendants.

21 Civ. 8502 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

Familiarity is presumed with the Court's prior orders in this case. (*See* Dkt. #146 (the "March 10, 2025 Order") at 1-2 (discussing prior orders in the context of an order denying Plaintiff's motion for an interlocutory appeal)). As relevant here, in previous orders, the Court (i) conditionally certified a collective action limited to certain of Defendants' employees; (ii) excluded from that collective those "employees who are bound by the 2022 Addendum or the collective bargaining agreement between the Union and Clover House effective March 1, 2023, through February 28, 2025"; and (iii) subsequently sought additional information from Defendants to confirm that "employees who are subject to the 2022 Addendum or the 2023 CBA, but who also worked at a non-covered site during the time period covered by this litigation, were identified to Plaintiff and provided with notice of the action[.]" (*See id.* at 2-3, 11-12). Defendants filed a supplemental submission on April 3, 2025 (Dkt.

#151), and Plaintiff filed a responsive submission on April 18, 2025 (Dkt. #160).

Put simply, rather than allay the Court's concerns about the scope of notice, Defendants' supplemental submission had precisely the opposite effect: In a submission just slightly over one page, Defendants recited that in preparing the list of potential collective members, "Defendants only excluded those employees who started working at Clover House on or after March 23, 2022 (i.e. the effective date of the 2022 Addendum). Defendants confirmed that said employees did <u>not</u> perform work at any other locations." (Dkt. #151 at 1-2). However, with such brevity, Defendants effectively avoid explaining how they were able to confirm this fact. As Plaintiff is quick to note:

> Defendants could have submitted documentary evidence of a policy, if such policy existed, stating that they were no longer permitting employees to work for multiple buildings under Defendants' control. Defendants could have submitted an affidavit attesting to a prohibition against permitting employees to work at multiple buildings. Finally, Defendants could have submitted an affidavit attesting to the means by which they ensured the collective notice was comprehensive. However, Defendants chose to submit no evidence and rely on the unsupported statement of their counsel, which does nothing to address the issue raised in the Court's Order.

(Dkt. #160 at 2). The Court agrees.

The March 10, 2025 Order was clear: "[T[he Court directs Defendants to explain to it how they arrived at the list of names provided to Plaintiff for notice, with particular emphasis on how Defendants were certain that individuals excluded from notice because they were subject to the 2022

Addendum or the 2023 CBA performed no work that was outside of the scope of these agreements." (Dkt. #146 at 12). Defendants have not provided that information. What is more, Plaintiff has identified several collective members who have issued sworn statements attesting to their work at buildings other than their assigned places of employment (Dkt. #160 at 3), as well as broader issues with Defendants' discovery productions that call into question the reliability of Defendants' records and representations.

In its March 10, 2025 Order, the Court made clear that "[d]epending on the information it receives, the Court may reconsider its prior restrictions on notice." (Dkt. #146 at 12). For the reasons outlined above, the Court has done just that; it now ORDERS that notice be sent to those employees who fell within the collective defined by the Court, but were excluded because they were ostensibly subject to the 2022 Addendum or the 2023 CBA. These employees include:

> (i) porters, handymen, concierges, and repairmen, *i.e.*, the specific types of employees that Plaintiff has sufficiently detailed being subject to Defendants' common policy or plan; and (ii) employees who worked at Clover House, 50 Murray Street, and 53 Park Place, *i.e.*, the buildings at which Plaintiff and the declarants attest to experiencing the alleged common policy or plan.

(Dkt. #111 at 18-19). The Court directs Defendants to provide contact information (excluding social security numbers, *see id.* at 24-25) for this additional group of potential opt-in plaintiffs on or before **May 22, 2025**. (*Cf. id.* at 34-35 ("Defendants are ORDERED to provide Plaintiff, in Microsoft Excel or equivalent format, the names, titles, compensation rates, last known mailing

3

addresses, email addresses, all known telephone numbers, and dates of employment for all employees within the putative collective within 14 days of the date of this Opinion.")).

Finally, the Court directs the parties to meet and confer to discuss what edits, if any, need to be made to the notice previously approved by the Court. Any revised proposed notice should be submitted to the Court for its approval, consistent with this Order and the Court's June 25, 2024 Order, on or before **May 29, 2025.**

SO ORDERED.

Dated: May 7, 2025
New York, New York

KATHERINE POLK FAILLA
United States District Judge